

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# USA v. Thomas Davis, Jr.

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1545

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Thomas Davis, Jr." (2009). *2009 Decisions.* Paper 1309.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1309

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-1545

_____

UNITED STATES OF AMERICA,
*Appellee*

v.

THOMAS L. DAVIS, JR.,
*Appellant*

_____

Appeal from the United States
District Court for the District of Delaware
(No. 07-cr-00042)
District Court Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2009

_____

Before: RENDELL and GARTH, *Circuit Judges*, and
PADOVA, *Senior District Judge**

(Opinion Filed: May 27, 2009)

_____

**OPINION**

_____

---

* The Honorable John R. Padova, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

GARTH, *Circuit Judge*:

Defense counsel in this case submitted a motion and brief pursuant to Anders v. California, 386 U.S. 738 (1967) and Local Appellate Rule 109.2(a) to withdraw as counsel because there are no non-frivolous issues on appeal. The defendant Davis also filed a pro se brief. We will grant the motion and affirm the District Court's judgment.

I.

On March 21, 2007, Wilmington, Delaware police officer Daniel Burton and his partner received an anonymous tip that a man in the Southbridge area of Wilmington had a gun. The officers arrived in a high-crime area. They observed several men, two of whom began to flee on bicycles.

As the officers were conducting a stop of the men on bicycles, Officer Burton looked up the block and made eye contact with Davis, who immediately ran away. Officer Burton had realized that Davis matched the description from the anonymous tip, but had not provoked Davis's flight in any way.

Officer Burton pursued Davis and ordered him to stop but Davis did not comply. Officer Burton testified that, during the chase, Davis was fumbling with something in his trousers. As Officer Burton began to close the gap, he noticed Davis throw an

-2-

object, believed to be a gun, down an alley. Davis then fell and Officer Burton apprehended him. Officer Burton retrieved a loaded .380 semiautomatic handgun from the alley.

The government indicted Davis on March 27, 2007, as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 6, 2007, Davis filed a motion to suppress the gun, arguing that the police lacked reasonable suspicion or probable cause to conduct the stop. The District Court held a hearing and denied the suppression motion.

The District Court held that Officer Burton had reasonable suspicion to engage in a Terry stop of Davis because Davis matched the anonymous tipster's description, was in a high crime area, and fled unprovoked. Furthermore, Officer Burton's observation of Davis throwing away a gun "provided further reasonable suspicion" for the Terry stop. App. 85. In the alternative, the District Court held that Davis had not yet been seized when he threw away the gun and that the seizure of the gun was lawful because the gun was abandoned.

A jury found Davis guilty on October 2, 2007, after a one-day trial.[1] On January 25, 2008, the District Court sentenced Davis to 78 months' imprisonment and

---

[1] The defense's strategy was to discredit Officer Burton's account of the events by showing that it was impossible for him to have caught up to Davis as quickly as he claimed because the distance was so large. However, Officer Burton testified that he ran several miles a day and was in good physical shape.

three years of supervised release. Davis timely appealed and his counsel has moved to withdraw.

II.

We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231. This Court's review of an Anders motion is plenary. See Penson v. Ohio, 488 U.S. 75, 82-83 (1988). If counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."[2] Anders, 386 U.S. at 744. We must consider "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

Under the first prong, counsel must (1) "satisfy the court that [he] has thoroughly examined the record in search of appealable issues" and (2) "explain why the issues are frivolous. Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." Id. at 300 (citations omitted); United States v. Marvin, 211 F.3d 778, 780 n.3, 781 (3d Cir. 2000). As to the second prong, "a complete scouring of the record by the courts" is not necessary when "the *Anders* brief initially

_____

[2] This process is mirrored by our Local Appellate Rule 109.2(a).

-4-

appears adequate on its face." <u>Youla</u>, 241 F.3d at 301. In that case, "the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.'" <u>Id.</u> (citation omitted).

## III.

Under the first prong, counsel's brief satisfies <u>Anders</u> and Local Rule 109.2(a). The <u>Anders</u> brief indicates that the only issues Davis could raise are the propriety of the suppression of the gun and the reasonableness of the sentence. Indeed, Davis raised both of these points in his <u>pro se</u> brief. Defense counsel engaged in a thorough and intelligent analysis of these two issues and concluded that they were frivolous.

Davis, in his <u>pro se</u> brief, raised three other points: our <u>Anders</u> cases violate the Sixth Amendment; the District Court constructively amended the indictment; and counsel was ineffective for failing to move for a downward departure under U.S.S.G. § 5K2.13 (diminished capacity).

## IV.

The first issue we examine is the legality of the search and the District Court's concomitant refusal to suppress the gun. Davis, in his <u>pro se</u> brief, claims that because Officer Burton's account of the events of March 21, 2007 was "incredible," it is "inconsistent with the factual basis needed to find probable cause to justify the search." This argument is frivolous.

On a suppression motion, we review the court's factual findings for clear error

and its legal findings de novo. United States v. Inigo, 925 F.2d 641, 656 (3d Cir. 1991).

Davis's argument is irrelevant to the propriety of the search. The speed with which Officer Burton ran is unrelated to whether the Officer had reasonable suspicion to stop Davis. Davis's argument goes to credibility, and we cannot say the District Court clearly erred in believing that Officer Burton was able to quickly catch up to Davis.

Moreover, under Terry v. Ohio, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." United States v. Valentine, 232 F.3d 350, 353 (3d Cir. 2000) (quoting Illinois v. Wardlow, 528 U.S. 119, 123 (2000)). Reasonable suspicion is less demanding than probable cause. Id.

We look at the totality of the circumstances, which may "include [the defendant's] location, a history of crime in the area, [the defendant's] nervous behavior and evasiveness, and [an officer's] 'commonsense judgments and inferences about human behavior.'" Johnson v. Campbell, 332 F.3d 199, 206 (3d Cir. 2003) (citation omitted).

Officer Burton had reasonable suspicion to stop Davis. The events transpired in a high-crime area. Davis – who Officer Burton realized matched the anonymous tipster's description – engaged in "nervous behavior and evasiveness" by fleeing

unprovoked. Officer Burton testified that, in his experience, one who flees unprovoked often has something to hide.

Indeed, "flight combined with other factors may support a warrantless stop and frisk. These other factors . . . include: (1) the reputation of an area for criminal activity, (2) a suspect's flight upon seeing his companion questioned and frisked by officers, and (3) a suspect's attempts to elude police officers." United States v. Brown, 159 F.3d 147, 149-50 (3d Cir. 1998) (internal citations omitted). Here, the area was known for crime, Davis fled upon seeing his friends stopped, and he attempted to elude Officer Burton.

Finally, the seizure did not occur until Officer Burton physically engaged Davis. See California v. Hodari D., 499 U.S. 621, 626 (1991) (a seizure occurs when physical force is applied or when there is a "*submission* to the assertion of authority"). Davis did not submit to Officer Burton's show of authority because he ignored the officer's commands to stop. The seizure therefore occurred when Officer Burton arrested Davis. Because Davis threw away his gun before he was seized, he abandoned it, and it was therefore not a fruit of the seizure. Hodari, 499 U.S. at 629; Abel v. United States, 362 U.S. 217, 241 (1960).

Officer Burton had reasonable suspicion to stop Davis, and the consequent seizure was proper. The District Court did not err in refusing to suppress the gun.

V.

Next Davis challenges the reasonableness of his sentence. Davis's Guidelines range was 63 to 78 months. Davis requested a downward variance to 60 months under Section 3553(a) because of mental illness. The District Court denied the request and sentenced Davis to 78 months. Davis's challenge is frivolous for the following reasons.

Davis's challenge is substantive. He argues that since the District Court considered his "mental health issues" it should have given him a shorter sentence to promote treatment, and thus it relied too heavily on his criminal history. We review "the substantive reasonableness of the sentence under an abuse-of-discretion standard." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008). This standard is highly deferential. If the sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." Id.

Davis concedes that the District Court adequately considered the Section 3553(a) factors. We agree. The District Court noted that Davis had "many convictions" yet never spent much time in jail, and that the combination of his uncontrolled mental disorders, criminal record, and weapon possession was a "dangerous mix." App. 241-42. The court noted that Davis would receive treatment but specified that he "displayed a propensity for violence" and "an inability to conform with the laws of society." App. 243.

"[T]he record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," and the within-Guidelines sentence was reasonable. United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (quoted in United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009)).

VI.

Davis claims that our cases interpreting Anders violate the Sixth Amendment. Davis contends that our requirement that defense counsel discredit frivolous appellate issues turns defense counsel against clients, that "effective assistance of counsel is only trumped by an attorney's duty of candor," and that the attorney's "duty of candor does not become applicable until falsehood comes into play."[3] His arguments are without merit. See Anders v. California, 386 U.S. 738 (1967); United States v. Youla, 241 F.3d 296 (3d Cir. 2001); United States v. Marvin, 211 F.3d 778 (3d Cir. 2000).

VII.

Davis argues that the District Court violated his Fifth Amendment rights by constructively amending the indictment in its jury charge.[4] Davis alleges that the indictment charged 18 U.S.C. § 922(g)(1) as a specific intent crime and that the

_____

[3] To the extent that this claim rests upon ineffective assistance of counsel grounds, it is foreclosed, as is explained infra.

[4] "An indictment is constructively amended when . . . the district court's jury instructions effectively 'amend[] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" United States v. McKee, 506 F.3d 225, 229 (3d Cir. 2007) (citation omitted).

District Court removed the element of specific intent when it charged the jury. Davis did not object to the jury charge below, so we review for plain error. United States v. Olano, 507 U.S. 725 (1993). There is no merit to Davis's claim.

Section 922(g)(1) makes it unlawful for a felon to "possess in or affecting commerce, any firearm or ammunition." The indictment charged that Davis, a felon, "did knowingly possess" a firearm in interstate commerce. The jury charge stated that the government had to prove "that Mr. Davis knowingly possessed the firearm or ammunition that he's charged with. . . . However, the government is not required to prove that Mr. Davis knew that he was breaking the law by possessing the firearm . . . ." App. 223.

Davis claims that the indictment's use of "knowingly" obligated the government to prove that Davis knew his conduct was illegal; the jury instruction lacked this proof requirement and thus took away an element of the government's burden of proof.

Section 922(g) "is not a specific intent statute." United States v. Xavier, 2 F.3d 1281, 1286 (3d Cir. 1993). The government need only prove that Davis "knowingly possessed a firearm" – that the possession was not an accident or mistake. United States v. Dodd, 225 F.3d 340, 344 (3d Cir. 2000). The jury instruction was correct and there was no error.

VIII.

-10-

Davis's ineffective assistance of counsel claim is also frivolous. "It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." United States v. Thornton, 327 F.3d 268, 271 (3d Cir. 2003). Davis's claim is more appropriately raised in a collateral action pursuant to 28 U.S.C. § 2255.

IX.

We affirm the District Court's judgment and sentence of January 25, 2008, and will grant counsel's motion. Furthermore, we hold that "the issues presented in the appeal lack legal merit for purposes of counsel filing a petition for writ of certiorari in the Supreme Court." 3d Cir. R. 109.2(b).